UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE WEST MARINA, LLC, dba VILLAGE WEST MARINA & RESORT, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>M/V WILD C's, a 1981 Uniflite Motor Vessel of Approximately 40-Feet in Length and 17-Feet in Beam, U.S. Coast Guard Official No. 635920, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS, AND ALL OTHER APPURTENANCES, *in rem*,<br><br>Defendant. | Case No. 2:25-cv-02938 AC<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL** |

Plaintiff, VILLAGE WEST MARINA, LLC, dba VILLAGE WEST MARINA & RESORT ("PLAINTIFF"), by and through its attorneys, Brodsky Micklow Bull & Weiss, LLP, having appeared and made the following recitals:

1. PLAINTIFF filed its Verified Complaint herein praying that Defendant Vessel M/V WILD C's, a 1981 Uniflite Motor Vessel of Approximately 40-Feet in Length and 17-Feet in Beam, U.S. Coast Guard Official No. 635920, and all of her

1

engines, tackle, accessories, equipment, furnishings, and appurtenances (the "DEFENDANT VESSEL") be condemned and sold to pay PLAINTIFF's demands and for other proper relief.

2. PLAINTIFF anticipates that after this Court reviews PLAINTIFF's Ex Parte Application for Order Requiring Issuance of Warrant for Vessel Arrest, an Order will issue directing that the Clerk of the Court issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL and to detain her in custody until further Order of this Court.

3. Local Admiralty Rule 550(a) provides in relevant part that: "The Court may order the appointment of a facility or person as substitute custodian of the property in lieu of the Marshal on motion of any party or on its own motion."

4. Local Admiralty Rule 550(c) provides:

"After a vessel, cargo, or other property has been taken into custody by the Marshal, any party then appearing may move the Court to dispense with keepers or to remove or place the vessel, cargo, or other property at a specified facility, to designate a substitute custodian, or for similar relief. The applicant for such an order shall obtain a hearing date from the courtroom deputy clerk for the assigned Judge or Magistrate Judge and thereupon give notice of the motion to the Marshal and to all parties who have appeared. The moving papers shall establish the suitability of the substitute custodian and the existence of adequate insurance. At the hearing of the motion, the Court will determine whether such a facility or substitute custodian is capable of and will safely keep the vessel, cargo, or other property. <u>No hearing date need be obtained for an order to be made concurrently with the order authorizing the Marshal to take the vessel, cargo, or other property into custody if the moving papers for that authority and for the substitute custodian are filed concurrently, satisfy the requirements stated herein and expressly declare in the caption that no hearing is requested</u>." [Emphasis added].

2

5. Federal District Courts in California routinely appoint the plaintiff in vessel arrest actions to serve as the Substitute Custodian of vessels arrested based on the plaintiff's maritime lien claims, provided the plaintiff represents to the Court's satisfaction that it is capable of safely keeping the vessel while under arrest, and that it maintains adequate insurance. [Citations to dozens of cases in support of the above are detailed in PLAINTIFF' Ex Parte Application for Appointment of Substitute Custodian].

6. The DEFENDANT VESSEL is located at PLAINTIFF's marina in Stockton, California, known as "Village West Marina & Resort," and hence she is within the Eastern District of California and within the jurisdiction of this Honorable Court.

7. Local Admiralty Rule 521 provides that: "A party who seeks arrest, attachment, or garnishment of property in an action governed by Supplemental Rule E shall deposit with the Marshal the sum estimated by the Marshal to be sufficient to pay the fees and expenses of arresting and keeping the property for at least fourteen (14) days. The Marshal is not required to execute process of arrest, attachment, or garnishment until such deposit is made." PLAINTIFF's attorney will provide the U.S. Marshal with a bank check in the amount of $5,000.00 prior to any arrest of the DEFENDANT VESSEL, which PLAINTIFF is informed and believes is a sum more than sufficient to pay the fees and expenses of arresting and keeping her for at least 14 days, and it will advance additional sums as might be required by the Marshal to pay its fees and expenses, as required by Local Admiralty Rule 521(c).

8. PLAINTIFF avers, as detailed with specificity below, that it can safely keep and protect the DEFENDANT VESSEL while she is under arrest, and that it maintains insurance sufficient to protect it and those having an interest in the DEFENDANT VESSEL, as well as those claiming against her, from loss of or damage occurring during the period of her custody.

///

3

9. PLAINTIFF anticipates that after this Honorable Court reviews PLAINTIFF's Ex Parte Application for Order Requiring Issuance of Warrant for Vessel Arrest (contemporaneously filed herewith), an Order will issue directing that the Clerk of the Court issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL.

10. It therefore is expected that the United States Marshal will arrest the DEFENDANT VESSEL. Custody by the United States Marshal requires the services of one or more keepers, and does not include or anticipate charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

11. PLAINTIFF has agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL, and to serve as her custodian until further order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed prevailing rates in the port, as described with further particularity in the Declaration of Timothy N. Fontaine, PLAINTIFF's General Manager:

a. After the DEFENDANT VESSEL is arrested and the U.S. Marshal turns custody over to the Substitute Custodian, it will secure the DEFENDANT VESSEL with a chain and lock in the slip where she lies or another slip at PLAINTIFF's marina that is comparable in size and services, connect a shore power cord to provide electricity to the DEFENDANT VESSEL, and provide at such slip the further custodial services detailed below. Access to the DEFENDANT VESSEL will be restricted to the Substitute Custodian and its employees;

b. Maintain the DEFENDANT VESSEL at the above location and provide custodial services there, to include maintenance of the insurance specified below, and daily visual inspection of the exterior of the DEFENDANT VESSEL for evidence of

///

4

tampering or any other problems, until further Order of the Court, at the rate of $3.00 per foot of vessel length per day;

  e. After taking custody of the DEFENDANT VESSEL, at a cost of $200.00, photograph and/or video the DEFENDANT VESSEL's interior and exterior, to memorialize her condition when arrested;

  f. Periodically as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $50.00 per inspection, inspect the interior of the DEFENDANT VESSEL to verify there are no issues which do or might compromise her safety. If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

  g. Provide, at rates not exceeding the usual and customary rates prevailing in the Port of Stockton, additional services as such services are deemed reasonably prudent or necessary under the circumstances to preserve and protect the DEFENDANT VESSEL;

  h. The DEFENDANT VESSEL's engines and other machinery will be operated only as directed in a Court Order; and

  i. Provide other such services as may be required from time-to-time, by further Order of the Court.

  12. The Substitute Custodian will not sell the vessel, release the vessel to anyone and/or let anyone aboard the vessel, other than in the case of emergency.

  13. PLAINTIFF, by the Declaration of Timothy N. Fontaine, avers that the above location where the DEFENDANT VESSEL will be stored is adequate for her safekeeping, that PLAINTIFF has adequate supervision to do so, and that it maintains current insurance policies which protect it against occurrences of negligence during its custodianship. Those policies include: (a) a Marina Operators Legal Liability policy (protection and indemnity, with pollution endorsement) with National Casualty Company with a $1 million limit; (b) a Commercial General Liability policy with

National Casualty Company with a $1 million per occurrence limit and an aggregate limit of $2 million; and (c) an Excess Liability policy with Commercial General Liability with a per occurrence and aggregate limit of $5 million. The Substitute Custodian will accept, in accordance with the terms of the Court's Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, and all of her engines, tackle, accessories, equipment, furnishings, and appurtenances.

14. PLAINTIFF, in consideration of the United States Marshal's consent to the substitution of custodian, agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, and all of her engines, tackle, accessories, equipment, furnishings, and appurtenances, from the time the United States Marshal transfers possession of the DEFENDANT VESSEL to the Substitute Custodian, and the Substitute Custodian further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping of the DEFENDANT VESSEL.

15. The Substitute Custodian will not sell the vessel, release the vessel to anyone and/or let anyone aboard the vessel, other than in the case of emergency.

The Court concludes that the mandates of Local Admiralty Rule 550(c) have been satisfied, and that PLAINTIFF can adequately protect and preserve the DEFENDANT VESSEL while she is in custody.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Eastern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, and all of her engines, tackle, accessories, equipment, furnishings, and appurtenances, pursuant to the Warrant for Arrest, to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the United States Marshal shall be discharged from all duties and responsibilities for the safekeeping of the DEFENDANT VESSEL and held harmless

from and against any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that PLAINTIFF be, and is hereby appointed, the Substitute Custodian of the DEFENDANT VESSEL to retain her in its custody for possession and safekeeping, with the authority to move the DEFENDANT VESSEL to any suitable and safe place within its marina, for the aforementioned compensation and in accordance with the Declaration of Timothy N. Fontaine and the recitals herein contained until further order of this Court.

**IT IS FURTHER ORDERED** that if the owner of the DEFENDANT VESSEL, Michael Baylor, wishes to remove personal property from the DEFENDANT VESSEL after she is arrested, he shall so inform PLAINTIFF's counsel, so arrangements can be made to do so a at a time and date that is mutually convenient for him and the Substitute Custodian.  Mr. Baylor shall not be permitted to remove any item that is part of the DEFENDANT VESSEL, including but not limited to navigation and other electronic equipment, safety equipment, VHF radios, generators, engines, lines, equipment manuals, furnishings, tackle, batteries, refrigerator(s), gauges, stoves, depth sounders, and sound systems.  The Substitute Custodian shall at the time of removal of such items video or photograph the items removed.  If there is doubt as to whether an item is part of the DEFENDANT VESSEL, the Substitute Custodian shall not permit the removal of such item(s) in the absence of a further Order of the Court.

///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney shall, after the DEFENDANT VESSEL is arrested, serve by mail a copy of this Order to the owner of the DEFENDANT VESSEL at his last known mailing address.

**IT IS SO ORDERED**.

Dated: October 15, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE